UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY PAYTON (#375419)                         CIVIL ACTION

VERSUS

CORNELL HUBERT, WARDEN, ET AL.                   NO. 07-0506-A-M2

NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, October 22, 2007.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY PAYTON (#375419)                                        CIVIL ACTION

VERSUS

CORNELL HUBERT, WARDEN, ET AL.                                  NO. 07-0506-A-M2

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornell Hubert and Secretary Richard L. Stalder, complaining that he has been wrongly denied eligibility to earn good-time credits. Specifically, he contends that, when he entered a guilty plea to the crime of forcible rape in the Fourteenth Judicial District Court, State of Louisiana, it was with the understanding that he would be eligible to earn good-time credits. However, the Louisiana Department of Public Safety and Corrections has since determined that he is not so eligible. The plaintiff seeks monetary damages in connection with the defendants' alleged wrongful conduct.

By correspondence dated August 8, 2007, the Clerk of Court directed the plaintiff to resubmit his Complaint on the Court's approved Complaint form within fifteen (15) days. Rec.doc.no. 5. The plaintiff was specifically notified that, "failure to amend the pleadings as indicated will result in the dismissal of your suit by the Court without further notice." Id. Notwithstanding, despite notification of the need to resubmit his Complaint within fifteen (15) days, the plaintiff has failed to respond to the Court's Order as directed. Instead, he has merely submitted a handwritten document which does not comport with the Court's instructions. Therefore, this proceeding is subject to dismissal for

failure of the plaintiff to correct deficiencies of which he was notified.

Notwithstanding the foregoing, this Court is also authorized, pursuant to the provisions of 28 U.S.C. § 1915(e), to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

In the Court's view, the plaintiff's claims fail to rise to the level of a constitutional violation. Pursuant to the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the plaintiff's claim for monetary damages is not cognizable under § 1983. In Heck, the Court held that a claim for monetary damages under § 1983 is barred whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id., at 2372. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. As stated in Heck:

>In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

(Emphasis in original).  See also <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (Applying <u>Heck</u> rule in the context of a prisoner's good-time calculation).  In the present case, resolution of the plaintiff's claim in his favor, <u>i.e.</u>, a determination that he is entitled to monetary damages because of the allegedly wrongful denial of good-time credits, would necessarily imply that the duration of his confinement is or will be excessive.  Since he has failed to show that his sentence of confinement has been invalidated or called into question in any other proceeding, <u>Heck</u> suggests that the plaintiff's claim must be dismissed, with prejudice, because a cause of action under § 1983 for damages attributable to an unconstitutional conviction or sentence does not accrue <u>until</u> the conviction or sentence has been invalidated.  <u>See Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous").  <u>See also Stephenson v. Reno</u>, 28 F.3d 26 (5th Cir. 1994); <u>Johnson v. McElveen</u>, 101 F.3d 423 (5th Cir. 1997); <u>Arvie v. Broussard</u>, 42 F.3d 249 (5th Cir. 1994).

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's claim for monetary damages resulting from the alleged wrongful denial of the right to earn good-time credits be dismissed, with prejudice, until the conditions set forth in Heck v. Humphrey, supra, are satisfied.

Signed in chambers in Baton Rouge, Louisiana, October 22, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**